# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

ROBERT LEE HALL,

      Plaintiff,

-vs-

EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and EDFINANCIAL SERVICES, LLC,

      Defendants.

CASE NO.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, ROBERT LEE HALL (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Defendants, EQUIFAX INFORMATION SERVICES LLC (hereinafter "Equifax"), EXPERIAN INFORMATION SOLUTIONS, INC. (hereinafter "Experian"), TRANS UNION LLC (hereinafter "Trans Union"), and EDFINANCIAL SERVICES, LLC (hereinafter "EdFinancial") (hereinafter collectively "Defendants"), and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1.      This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2.      Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Trans Union LLC (hereinafter "Trans Union"), and Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter collectively "CRAs").

3.      Consumer reporting agencies that create consumer reports, like the CRAs, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4.      When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5.      The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in

accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## **JURISDICTION AND VENUE**

6.     Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

7.     Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.     Venue is proper in this District as Equifax's principal address is in this District, Defendants transact business within this District, and violations described in this Complaint occurred in this District.

9.     Plaintiff is a natural person and resident of Mecklenburg County in the State of North Carolina. He is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Equifax is a corporation headquartered at 1550 Peachtree Street, Northwest in Atlanta, Georgia 30309.

11.     Equifax is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating

and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.   Equifax disburses such consumer reports to third parties under contract for monetary compensation.

13.   Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the State of Georgia through its registered agent, C T Corporation System, located at 289 S Culver Street, Lawrenceville, Georgia 30046.

14.   Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

15.   Experian disburses such consumer reports to third parties under contract for monetary compensation.

16.   Trans Union is a corporation with its principal place of business in the State of Illinois and is authorized to do business in the State of Georgia through its registered agent, Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092.

17.     Trans Union is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Trans Union is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

18.     Trans Union disburses such consumer reports to third parties under contract for monetary compensation.

19.     EdFinancial is a corporation headquartered at 298 North Seven Oaks Drive in Knoxville, Tennessee 37922 that upon information and belief conducts business in the State of Georgia.

20.     EdFinancial is a "furnisher of information" as that term is used in 15 U.S.C § 1681s-2.

21.     EdFinancial furnished information about Plaintiff to the CRAs that was inaccurate.

## **FACTUAL ALLEGATIONS**

22.     Plaintiff is alleged to owe multiple debts to EdFinancial as to student loans. Plaintiff does not have an account with EdFinancial and never applied or gave permission to anyone to apply using his information for an account with EdFinancial.

23.     In or about October/November 2023, Plaintiff first became aware of the erroneous student loan accounts with EdFinancial when monitoring his credit file through his credit monitoring app.

24.     Shortly thereafter, Plaintiff contacted EdFinancial to dispute the accounts and obtain more information. The EdFinancial representative confirmed there were two loans in Plaintiff's name, but the rest of the personal identifying information did not match. Further, the representative advised Plaintiff that the aforementioned accounts were used for online learning. The EdFinancial representative advised Plaintiff to file an identity theft complaint.

25.     Shortly thereafter, Plaintiff filed an IC3 report with the Federal Bureau of Investigation ("FBI") regarding the identity theft and fraudulent EdFinancial accounts.

26.     On or about January 24, 2024, Plaintiff obtained copies of his credit reports and observed personal identifying information, including addresses, phone numbers, and employers, which did not belong to him. Further, Plaintiff observed the EdFinancial, partial account number 11839779001E0012023060123****, opened June 2023 with a balance of $3,500, and EdFinancial, partial account number 11839779001E0022023060123****, opened June 2023 with a balance of $6,083.

27. On or about January 24, 2024, Plaintiff filed a Federal Trade Commission ("FTC") Identity Theft Report, report number 168664297. In this report, he explained that he was a victim of identity theft and that the fraudulent accounts with EdFinancial were listed in his credit report.

28. Due to the inaccurate reporting, on or about February 1, 2024, Plaintiff mailed a detailed dispute letter to the CRAs. In the letter, Plaintiff explained that personal identifying information which did not belong to him was appearing on his credit file. Further, he explained he was a victim of identity theft and that the aforementioned accounts with EdFinancial did not belong to him. Additionally, in this letter, Plaintiff requested a copy of his updated credit report from the CRAs. To confirm his identity, copies of his driver's license and Social Security card were included. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Report, images of his IC3 report filed with the FBI, and other supporting documents.

29. Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9589 0710 5270 0770 1067 63), Experian (9589 0710 5270 0770 1067 70), and Trans Union (9589 0710 5270 0770 1067 87).

30. On or about February 9, 2024, Experian responded to Plaintiff's detailed dispute letter by stating it denied his request to block information

believing the request was made in error; the request was a misrepresentation of fact; or Plaintiff had obtained the goods or services disputed.

31.   On or about February 29, 2024, Plaintiff received dispute results from Experian which stated both EdFinancial accounts were verified as accurate and would remain in his credit report.

32.   Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

33.   Experian never attempted to contact Plaintiff during the alleged investigation.

34.   Upon information and belief, Experian notified EdFinancial of Plaintiff's dispute. However, EdFinancial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

35.   On or about February 14, 2024, Equifax responded to Plaintiff's detailed dispute letter by stating it would not be blocking his information but would be contacting the company with his dispute. Further, Equifax responded that it required additional proof of identification despite Plaintiff having provided a copy of his current driver's license and Social Security card.

36.    Despite confirmation of delivery, Plaintiff did not receive dispute results in the mail from Equifax.

37.    Plaintiff provided enough information to Equifax to identify his file and to handle the dispute. Equifax failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

38.    Equifax failed to do any independent investigation into Plaintiff's dispute and never attempted to contact Plaintiff during the alleged investigation.

39.    On or about February 27, 2024, Plaintiff received dispute results from Trans Union which stated the EdFinancial, partial account number 11839779001E0022023060123**** with a balance of $6,109 was verified as accurate and would remain in his credit report. Further, Trans Union responded that a new EdFinancial account, partial account number 11839779001E0012023060123***, with a balance of $1,390 was verified as accurate.

40.    Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

41.    Trans Union never attempted to contact Plaintiff during the alleged investigation.

42.     Upon information and belief, Trans Union notified EdFinancial of Plaintiff's dispute. However, EdFinancial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

43.     On or about March 8, 2024, Plaintiff obtained updated copies of his credit reports. Upon review, Plaintiff observed there were now four (4) fraudulent EdFinancial accounts appearing in his credit file:

    i.   EdFinancial, partial account number 11839779001E0012023060123****, opened June 2023, with a balance of $3,500;

    ii.   EdFinancial, partial account number 11839779001E0022023060123****, opened June 2023 with a balance of $6,132;

    iii.   EdFinancial, partial account number 11839779001E0032024011824****, opened January 2024 with a balance of $875; and

    iv.   EdFinancial, partial account number 11839779001E0042024011824****, opened January 2024 with a balance of $1,396.

44.     On or about March 10, 2024, Plaintiff filed an updated Federal Trade Commission ("FTC") Identity Theft Report, report number 168664297. In this report, he explained that he was a victim of identity theft and that four (4) aforementioned fraudulent accounts with EdFinancial were listed in his credit report.

45.     Due to the continued inaccurate reporting, on or about March 14, 2024, Plaintiff mailed a second detailed dispute letter to the CRAs. In the letter, Plaintiff reiterated he was a victim of identity theft and that the four (4) aforementioned accounts with EdFinancial did not belong to him. Again, Plaintiff also requested an updated copy of his credit report from the CRAs.  To confirm his identity, copies of his driver's license and Social Security card were included. Further, Plaintiff provided images of the erroneous reporting, images of his filed FTC Identity Theft Reports, images of his IC3 report filed with the FBI, and other supporting documents.

46.     Plaintiff mailed his detailed dispute letters via USPS Certified Mail to Equifax (9500 1158 5923 4074 6522 55), Experian (9500 1158 5923 4074 6522 79), and Trans Union (9500 1158 5923 4074 6522 93).

47.     On or about April 10, 2024, Plaintiff received dispute results from Experian     which     stated     EdFinancial,     partial     account     number

11839779001E0032024011824****, opened January 2024 with a balance of $875 and EdFinancial, partial account number 11839779001E0042024011824****, opened January 2024 with a balance of $1,396. Experian did not provide dispute results as to the other disputed EdFinancial accounts. However, Experian provided an updated credit report and upon review all four (4) EdFinancial accounts continued to be reported.

48.    Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

49.    Experian never attempted to contact Plaintiff during the alleged investigation.

50.    Upon information and belief, Experian notified EdFinancial of Plaintiff's dispute. However, EdFinancial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

51.    Despite confirmation of delivery on March 16, 2024, Plaintiff did not receive dispute results in the mail from Trans Union. However, upon review of his updated Trans Union credit report on or about April 18, 2024, Plaintiff observed all four (4) EdFinancial accounts continued to be reported.

52.     Trans Union failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

53.     Trans Union never attempted to contact Plaintiff during the alleged investigation.

54.     Upon information and belief, Trans Union notified EdFinancial of Plaintiff's dispute. However, EdFinancial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Experian in connection with the dispute investigation.

55.     On or about April 5, 2024, Equifax responded to Plaintiff's detailed dispute letter by only sending a copy of "Remedying the Effects of Identity Theft".

56.     Despite confirmation of delivery, Plaintiff did not receive dispute results in the mail from Equifax. However, Plaintiff was able to review his Equifax credit report through his Credit Karma account, and upon review, Plaintiff observed all four (4) EdFinancial accounts continued to be reported. Further, the EdFinancial, partial account number 11839779001E0012023060123****, was reported with a balance of $3,500 and comment which indicated the account was disputed and verified as accurate.

Additionally, EdFinancial, partial account number 11839779001E0022023060123****, was reported with a balance of $6,083 and comment which indicated the account was disputed and verified as accurate.

57.     Plaintiff provided enough information to Equifax to identify his file and to handle the dispute. Equifax failed to follow the mandates of the FCRA and refused to conduct a reasonable investigation.

58.     Equifax failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher(s).

59.     Equifax never attempted to contact Plaintiff during the alleged investigation.

60.     Upon information and belief, Equifax notified EdFinancial of Plaintiff's dispute. However, EdFinancial failed to conduct a reasonable investigation and merely compared its own erroneous data to that provided by Equifax in connection with the dispute investigation.

61.     Despite Plaintiff's best efforts to have the erroneous reporting corrected, the CRAs continued to inaccurately report the fraudulent EdFinancial accounts in Plaintiff's credit file. Accordingly, Plaintiff's damages are ongoing as of the filing of this Complaint.

62.    The CRAs have not conducted an actual investigation despite Plaintiff's pleas, and upon information and belief, simply continue to parrot off the back of the furnisher(s).

63.    Plaintiff continues to suffer as of the filing of this Complaint with Defendants' reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

64.    Due to the actions and/or inactions of Defendants, Plaintiff was denied credit on at least two (2) occasions.

65.    As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

    i.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, and wasted time;

    ii.    Loss of time attempting to cure the errors;

    iii.    Mental anguish, added stress, aggravation, embarrassment, sleepless nights, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendants' actions;

iv.     Apprehensiveness to apply for new credit due to the fear of rejection; and

v.      Defamation as Defendants published inaccurate information to third party entities.

## CAUSES OF ACTION

### COUNT I
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Negligent)

66.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

67.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

68.     Upon information and belief, Equifax does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

69.     Equifax violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copies FTC Identity Theft Reports and FBI IC3 report, which contained sworn testimony of the fraud.

70.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

71.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

72.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT II
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Equifax Information Services LLC (Willful)

73.     Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

74.     Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

75.     Upon information and belief, Equifax prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

76.     Equifax violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copies FTC Identity Theft Reports and FBI IC3 report, which contained sworn testimony of the fraud.

77.     As a result of this conduct, action, and inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

78.     The conduct, action and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

79.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT III
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Equifax Information Services LLC (Negligent)

80.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

81.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

82.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to

conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

83.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

84.   The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

85.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IV
## Violations of 15 U.S.C. § 1681i as to
## Defendant, Equifax Information Services LLC (Willful)

86.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

87.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

88.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Equifax failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

89.    As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

90.    The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

91.    Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT V
### Violations of 15 U.S.C. § 1681g as to
### Defendant, Equifax Information Services LLC (Negligent)

92.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

93.    After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

94.    Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

95.     Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

96.     As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

97.     The conduct, action, and/or inaction of Equifax was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 USC § 1681o.

98.     Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VI
## Violations of 15 U.S.C. § 1681g as to
## Defendant, Equifax Information Services LLC (Willful)

99.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

100.   After receiving Plaintiff's disputes, Equifax violated 15 U.S.C. § 1681g by failing to disclose to Plaintiff all information in Plaintiff's credit file.

101.   Plaintiff provided to Equifax appropriate and sufficient proofs of identity to allow Equifax to create a high degree of confidence in knowing the identity of Plaintiff.

102.   Despite the sufficient proofs of identification produced by Plaintiff, Equifax refused to conduct any independent investigations into Plaintiff's disputes and provide any documentation or results to Plaintiff.

103.   As a direct result of this conduct, action and/or inaction of Equifax, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

104.   The conduct, action, and/or inaction of Equifax was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n.

105.   Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EQUIFAX INFORMATION SERVICES LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT VII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

106.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

107.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

108.   Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

109.   Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copies FTC Identity Theft Reports and FBI IC3 report, which contained sworn testimony of the fraud.

110.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

111.   The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

112.   Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and

costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT VIII**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

113.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

114.   Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

115.   Upon information and belief, Experian prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

116.   Experian violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copies FTC Identity Theft Reports and FBI IC3 report, which contained sworn testimony of the fraud.

117.   As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain

stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

118.    The conduct, action and/or inaction of Experian was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

119.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT IX
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

120.    Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

121.    After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful

reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

122. Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

123. As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

124. The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

125. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual damages against Defendant, EXPERIAN

INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT X
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

126.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

127.   After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

128.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

129.   As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to

benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

130.  The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

131.  Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EXPERIAN INFORMATION SOLUTIONS, INC.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT XI**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Trans Union LLC (Negligent)**

132.  Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

133.  Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the

preparation of the credit report and credit files it published and maintains concerning Plaintiff.

134.   Upon information and belief, Trans Union does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

135.   Trans Union violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copies FTC Identity Theft Reports and FBI IC3 report, which contained sworn testimony of the fraud.

136.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

137.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

138.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT XII
### Violation of 15 U.S.C. § 1681e(b) as to
### Defendant, Trans Union LLC (Willful)

139.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

140.   Trans Union violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

141.   Upon information and belief, Trans Union prevents its agents from calling consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

142.   Trans Union violated its own policies and procedures by not removing the fraudulent accounts when Plaintiff provided a copies FTC Identity Theft Reports and FBI IC3 report, which contained sworn testimony of the fraud.

143.   As a result of this conduct, action, and inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

144.   The conduct, action and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages, and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

145.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

## COUNT XIII
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Negligent)

146.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

147.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

148.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

149.   As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

150.   The conduct, action, and/or inaction of Trans Union was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

151.   Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

### COUNT XIV
### Violations of 15 U.S.C. § 1681i as to
### Defendant, Trans Union LLC (Willful)

152.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

153.   After receiving Plaintiff's disputes, Trans Union violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful reinvestigation; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file, and (iv) relying upon verification from a source it has to know is unreliable.

154.   Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Trans Union failed

to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher(s).

155. As a direct result of this conduct, action and/or inaction of Trans Union, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

156. The conduct, action, and/or inaction of Trans Union was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

157. Plaintiff is entitled to recover costs and attorney's fees from Trans Union in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, TRANS UNION LLC; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; and such other such relief the Court may deem just and proper.

**COUNT XV**
**Violation of 15 U.S.C. § 1681 s-2(b) as to**
**Defendant, EdFinancial Services, LLC (Negligent)**

158.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

159.   EdFinancial furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

160.   After receiving Plaintiff's disputes, EdFinancial violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

161.   Plaintiff provided all the relevant information and documents necessary for EdFinancial to have identified that the alleged debts were fraudulent.

162.   EdFinancial did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to EdFinancial by Plaintiff in

connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

163.   EdFinancial violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

164.   As a direct result of this conduct, action, and/or inaction of EdFinancial, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

165.   The conduct, action, and inaction of EdFinancial was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 USC § 1681o.

166.   Plaintiff is entitled to recover costs and attorney's fees from EdFinancial in an amount to be determined by the Court pursuant to 15 USC § 1681o.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual damages against Defendant, EDFINANCIAL SERVICES, LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

### COUNT XVI
### Violation of 15 U.S.C. § 1681 s-2(b) as to
### Defendant, EdFinancial Services, LLC (Willful)

167.   Plaintiff re-alleges and incorporates paragraphs one (1) through sixty-five (65) above as if fully stated herein.

168.   EdFinancial furnished inaccurate account information to the CRAs and through those CRAs to all of Plaintiff's potential lenders.

169.   After receiving Plaintiff's disputes, EdFinancial violated 15 U.S.C. § 1681s-2(b) by (1) failing to fully and properly investigate Plaintiff's dispute of the erroneous accounts; (2) failing to review all relevant information regarding same; (3) failing to accurately respond to the CRAs; and (4) failing to permanently and lawfully correct its own internal records to prevent the re-reporting of the representations to the consumer reporting agency.

170. Plaintiff provided all the relevant information and documents necessary for EdFinancial to have identified that the alleged debts were fraudulent.

171. EdFinancial did not have any reasonable basis to believe that Plaintiff was responsible for the accounts reported in its representations. It also had sufficient evidence by which to have verified that Plaintiff was not the responsible party, including information provided to EdFinancial by Plaintiff in connection with his disputes of the accounts in question. Instead, it knowingly chose to follow procedures which did not review, confirm, or verify the accounts belonged to Plaintiff. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was a victim of identity theft.

172. EdFinancial violated 15 U.S.C. § 1681s-2(b) by continuing to furnish inaccurate information to the CRAs after it had been notified that the information it was furnishing was inaccurate.

173. As a direct result of this conduct, action, and/or inaction of EdFinancial, Plaintiff suffered damages, including without limitation, loss of ability to benefit from lower interest rates; loss of time; financial loss; and mental

and emotional pain stemming from the anguish, humiliation, apprehension in applying for credit, and the damages otherwise outlined in this Complaint.

174. The conduct, action, and inaction of EdFinancial was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 USC § 1681n.

175. Plaintiff is entitled to recover costs and attorney's fees from EdFinancial in an amount to be determined by the Court pursuant to 15 USC § 1681n.

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, EDFINANCIAL SERVICES, LLC, jointly and severally; award Plaintiff his attorneys' fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and grant all such additional relief as the Court deems appropriate.

## **JURY DEMAND**

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ROBERT LEE HALL, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendants, EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and EDFINANCIAL SERVICES, LLC, jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

DATED this 30th day of April 2024.

Respectfully submitted,

**/s/ Octavio Gomez, Esq.**
Octavio Gomez, Esq.
Florida Bar No.: 0338620
Georgia Bar No.: 617963
Pennsylvania Bar No.: 325066
The Consumer Lawyers PLLC
412 E. Madison St. Ste 916
Tampa, Florida 33602
Telephone: 813.299.8537
Facsimile: 844.951.3933
Tav@TheConsumerLawyers.com
Lisa@TheConsumerLawyers.com
*Attorney for Plaintiff*